## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN CIANNELLI, | : | CIVIL ACTION NO: |
| *Plaintiff,* | : | |
| v. | : | |
| WALMART STORES EAST, L.P., | : | |
| *Defendant.* | : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

### I.   PRELIMINARY STATEMENT:

1.      This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of the Plaintiff, Ryan Ciannelli ("Plaintiff"), a former employee of the Defendant, Walmart Stores East, L.P. ("Defendant"), who has been harmed by the Defendant's discriminatory and unlawful employment practices.

2.      This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, et. seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et. seq.

### II.   JURISDICTION AND VENUE:

3.      The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on both the FMLA and the ADA, and a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

-1-

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. On June 9, 2016, the Equal Employment Opportunity Commission issued a Notice of Right to Sue and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Ryan Ciannelli ("Plaintiff"), is a nineteen (19) year old male citizen of the Commonwealth of Pennsylvania, residing therein at 261 ½ Parsonage Street, Pittston, PA 18640.

7. Defendant, Walmart Stores East, L.P. ("Defendant"), was and is now a corporation duly organized and existing under the laws of the State of Arkansas, maintaining a place of business therein at 390 Highway 315, Pittston, PA 18640.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under the FMLA, the ADA, and the PHRA, and accordingly is subject to the provisions of each said Act.

### IV. STATEMENT OF CLAIMS

10. Plaintiff, a nineteen (19) year old individual, was employed by the Defendant from on or about September 12, 2013 until on or about January 20, 2015, the date of his unlawful termination.

11. During his tenure of employment with the Defendant, Plaintiff held the position of Maintenance Employee at the Defendant's Pittston, PA location (Store # 2543) and at all times maintained a satisfactory job performance in said capacity.

12. By way of background, Plaintiff suffers from Congenial Scoliosis. Congenial Scoliosis constitutes a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff's major life activities, including, but not limited to, standing, bending, and otherwise normal ambulation. Significantly, at all times relevant hereto, the Defendant was completely aware of Plaintiff's disability (Congenial Scoliosis).

13. On or about January 15, 2015, Plaintiff learned that he would be medically required to undergo spinal fusion surgery as treatment for his disability (Congenial Scoliosis). In connection therewith, Plaintiff's father, Al Ciannelli ("Mr. Ciannelli"), and fellow Walmart employee, informed Plaintiff's immediate supervisor, Nicole Ferritti ("Ferritti"), Assistant Store Manager, that Plaintiff would be medically required to commence a medical leave of absence on January 30, 2015 in order to undergo surgery as treatment for his disability (Congenial Scoliosis). In response thereto, Ferritti angrily stated, "[a]nd how long did he know about this." Moreover, despite being aware that Plaintiff would be medically required to undergo spinal fusion surgery as treatment for his disability (Congenial Scoliosis), Ferritti failed to apprise Plaintiff of his statutory rights under the Family and Medical Leave Act ("FMLA"). Upon information and belief, similarly situated non-disabled individuals are not subjected to such treatment.

14. Thereafter, on or about January 18, 2015, Plaintiff electronically applied for a medical leave of absence pursuant to his rights under the FMLA, thereby requesting a reasonable

accommodation for his disability (Congenial Scoliosis). Upon information and belief, Ferritti was made aware of Plaintiff's electronic application for an FMLA medical leave of absence, as aforesaid.

15.    On or about January 20, 2015, only two (2) days after Plaintiff applied for a medical leave of absence pursuant to his rights under the FMLA and before Plaintiff had the opportunity to undergo spinal fusion surgery as treatment for his disability (Congenial Scoliosis), Ferritti abruptly terminated Plaintiff's position of employment, allegedly because Plaintiff failed to "clean" the Defendant's restrooms in a satisfactory manner.

16.    Subsequently, Plaintiff registered an electronic complaint with the Defendant's online ethics website ("Walmart Global Ethics").  In response to his complaint, the Defendant instructed Plaintiff to contact Amy Reed ("Reed"), Market Human Resources Manager. In accordance with the Defendant's instruction, Plaintiff attempted to contact Reed via telephone approximately ten separate (10) times. Curiously, Reed neither answered nor returned any of Plaintiff's telephone calls. Moreover, Plaintiff's further attempts to contact the Defendant with regard to his unlawful termination were similarly ignored. Upon information and belief, similarly situated non-disabled individuals were not subjected to such treatment.

17.    Upon information and belief, the Defendant replaced Plaintiff with a less experiences, less qualified, non-disabled individual for the position of Maintenance Employee.

18.    Plaintiff believes and therefore avers that the termination of his employment was pretextual and that the Defendant actually terminated him due to his actual and/or perceived disability and/or record of impairment (Congenial Scoliosis) and/or in retaliation for Plaintiff requesting reasonable accommodations and/or FMLA leave.

**COUNT I**
**(FMLA – Retaliation)**
**Plaintiff vs. the Defendant**

19.      Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

20.      The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff for exercising his statutory rights pursuant to the FMLA, constitute a violation of the FMLA.

21.      As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

22.      By reason of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff is entitled to liquidated damages, which he hereby claims of the Defendant.

**COUNT III**
**(FMLA – Interference)**
**Plaintiff vs. the Defendant**

23.      Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth at length herein.

24.      Pursuant to the FMLA, Plaintiff was entitled to a total of twelve (12) work weeks of leave during any twelve (12) month period . . . because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

-5-

25.     The actions of the Defendant, through its agents, servants, and employees, in interfering with the Plaintiff's ability to exercise his statutory rights pursuant to the FMLA constitute violations of the FMLA.

26.     As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

27.     By reason of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff is entitled to liquidated damages, which they hereby claim of the Defendant.

## COUNT III
### (ADA – Disability Discrimination, Failure to Accommodate, and Failure to Engage in the Interactive Process)
### Plaintiff vs. the Defendant

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to unlawful discrimination on the basis of his actual and/or perceived disabilities and/or record of impairments (Congenial Scoliosis), failing to accommodate Plaintiff, and failing to engage in the interactive process with Plaintiff, constitute violations of the ADA.

30.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (ADA – Retaliation)
### Plaintiff vs. the Defendant

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

33. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff for requesting a reasonable accommodation, constitute a violation of the ADA.

34. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (PHRA – Disability Discrimination, Failure to Accommodate, And Failure to Engage in the Interactive Process)
### Plaintiff vs. the Defendant

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth at length herein.

37. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to unlawful discrimination on the basis of his actual and/or perceived

disabilities and/or record of impairments (Congenial Scoliosis), failing to accommodate Plaintiff, and failing to engage in the interactive process with Plaintiff, constitute violations of the PHRA.

38.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

39.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VI
### (Violation of the PHRA – Retaliation)
### Plaintiff vs. the Defendant

40.     Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth at length herein.

41.     The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff for requesting a reasonable accommodation, constitute a violation of the PHRA.

42.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

43.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

44.     Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant and Order the following relief:

a.     A declaratory judgment that the Defendant has violated Plaintiff's rights pursuant to the aforesaid causes of action;

b.     Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

c.     Defendant compensate Plaintiff with an award of front pay, if appropriate;

d.     Defendant pay to Plaintiff liquidated damages, as allowable under the FMLA.

e.     Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as allowable by law.

f.     Defendant pay to Plaintiff punitive damages under any applicable law, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees, as allowable by law;

g.     Defendant pay to Plaintiff such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:    /s/Sidney L. Gold, Esquire
       SIDNEY L. GOLD, ESQUIRE
       I.D. NO.: 21374
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       **Attorneys for Plaintiff**

Dated: September 7, 2016